IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOEL DELANO POWELL JR.                                                      PETITIONER
Reg. #04123-041

v.                                         2:25-cv-00082-JM-JJV

C. HUMPHREY, Warden,
Forrest City Correctional Institution                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I.  **BACKGROUND**

Following a jury trial, the United States District Court for the District of Minnesota entered judgment on July 18, 2013, and sentenced Petitioner Joel Delano Powell Jr. to a total term of three hundred (300) months' imprisonment to be followed by followed by five (5) years' supervised release for conspiracy to commit bank fraud, aiding and abetting bank fraud, and aiding and abetting aggravated identity theft. (Doc. No. 7-1.) The United States Court of Appeals for the Eighth Circuit affirmed Mr. Powell's conviction and sentence. *United States v. Maxwell, et al.*,

778 F.3d 719 (8th Cir. 2015). At present, Mr. Powell is serving his term of imprisonment at the Bureau of Prisons' ("BOP") Forrest City Correctional Institution. *See* https://www.bop.gov/inmateloc/. Mr. Powell's projected release date is July 16, 2032, via First Step Act ("FSA") time credit release. (Doc. 7-2 at 13.)

Mr. Powell filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*. (Doc. No. 1.) In his Petition, Mr. Powell asks this Court to compel the BOP to calculate and apply his FSA earned time credits. (*Id*. at 1, 7.) Specifically, he takes issue with his conditional placement date for prerelease custody. (*Id*.) Mr. Powell states that his "petition does not seek immediate release but instead aims to ensure Petitioner's transfer to community-based custody occurs at the appropriate statutory time." (*Id*. at 1.) He requests the Court "direct the BOP to ensure timely transfer to prerelease custody" by October 6, 2025. (*Id*. at 7.)

Respondent C. Humphrey, Warden of the BOP's FCI Forrest City has filed a Response asserting dismissal of Mr. Powell's Petition is appropriate because this Court lacks subject matter jurisdiction over it. (Doc. No. 7 at 2-4.) Alternatively, Respondent argues Mr. Powell's Petition should be dismissed because Mr. Powell did not exhaust his administrative remedies. (*Id*. at 4-7.) Mr. Powell has not filed a Reply, and the time to do so has passed. As such, this matter is ripe for decision. After careful consideration, I recommend Mr. Powell's Petition (Doc. No. 1) be dismissed without prejudice.

## II.     ANALYSIS

### A.     Lack of Jurisdiction

The First Step Act, enacted into law in December 2018, features a system by which eligible prisoners may earn time credits through successful completion of evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs"). *See* First Step Act of 2018,

Pub. L. No. 115-391, 132 Stat. 5194. Eligible prisoners earn "10 days of time credits for every 30 days of successful participation in" EBRR programming or PAs. 18 U.S.C. § 3632(d)(4)(A)(i). Should an eligible prisoner be assessed as a minimum or low risk to recidivate over two consecutive assessments, the prisoner will earn 15 days of time credits for every 30 days of successful participation in EBRR programming or PAs. *See id*. § 3632(d)(4)(A)(ii). In turn, the BOP applies those credits toward a prisoner's time in prerelease custody or supervised release. *See id*. § 3632(d)(4)(C).

Should a prisoner's sentence include a term of supervised release, the BOP "may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits" the prisoner has earned. 18 U.S.C. § 3624(g)(3). Application of these credits has the effect of shortening a prisoner's sentence. Any remaining FSA earned time credits may then be applied toward the date a prisoner becomes eligible for prerelease custody placement. *See* 18 U.S.C. § 3632(d)(4)(C). Prerelease custody may include placement in home confinement or a residential reentry center ("RRC"). 18 U.S.C. § 3624(g)(2)(A)-(B). FSA earned time credits cannot be applied until the credits are "equal to the remainder of the prisoner's imposed term of imprisonment." *Id*. § 3624(g)(1)(A).

Respondent argues this Court lacks jurisdiction and should dismiss Mr. Powell's Petition. (Doc. No. 7 at 2-4.) For this Court to have jurisdiction, Mr. Powell must challenge the "fact or duration of his physical confinement . . . the heart of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Kruger v. Erickson*, 77 F.3d 1071 (8th Cir. 1996) (per curiam) (citing *Preiser*, 411 U.S. at 484). Where a petitioner does not challenge his conviction or seek earlier release from prison, "a habeas petition is not the proper claim to remedy his alleged injury." *See*

3

*Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). "It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his . . . custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger*, 77 F.3d at 1073 (8th Cir. 1996).

According to Mr. Powell's calculations, he has accumulated over 2,000 FSA earned time credits and should be placed in prerelease custody on October 6, 2025. (Doc. No. 1 at 4.) I seriously doubt the accuracy of these calculations considering the comprehensive report of Mr. Powell's FSA earned time credits detailed in the Declaration of BOP Complex Case Management Coordinator Chris Jefferson and accompanying FSA Time Credit Assessment of Mr. Powell.[1] (Doc. No. 7-2 at 1-6, 21-24.)

But, even if Mr. Powell's calculations are correct, this Court lacks jurisdiction over his Petition. Nothing in Mr. Powell's Petition can be construed as a challenge to his conviction. Furthermore, Mr. Powell does not seek immediate release from prison (Doc. No. 1 at 1), nor does he request relief that would result in an earlier release from prison. The BOP anticipates applying 365 of Mr. Powell's FSA earned time credits, the maximum amount that can be applied under 18 U.S.C. § 3624(g)(3), toward his transfer to supervised release, effectively shortening his term of imprisonment. (Doc. No. 7-2 at 5, 13, 21.) As a result, Mr. Powell's projected release date has been accelerated from his statutory release date of July 16, 2033, to July 16, 2032. (*Id*. at 5, 13.) Mr. Powell takes no issue with this, and even if he did, his term of imprisonment cannot end earlier than his projected release date. Therefore, whatever other credits Mr. Powell has earned or will earn will be applied toward placement in prerelease custody and will not affect his release date.

---

[1] As of Mr. Powell's most recent assessment, current through June 9, 2025, the BOP has determined Mr. Powell has accumulated 690 FSA earned time credits. (Doc. No. 7-2 at 5, 21.)

4

Mr. Powell's requested relief is application of his FSA earned time credits and an earlier date for placement in prerelease custody. (Doc. No. 1 at 7.) Both RRC and home confinement, each a form of prerelease custody, are places of imprisonment. *See Miller v. Whitehead*, 527 F.3d 752, 755 n.3 (8th Cir. 2008) (explaining the BOP previously agreed RRC is a place of imprisonment); *see also United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (describing home confinement as a place of imprisonment). Thus, Mr. Powell's challenge is one to *where* he will serve a portion of the remainder of his term of imprisonment, but not a challenge to *when* his term of imprisonment will end.

Title 18 U.S.C. § 3621(b) "provides the BOP with broad discretion to choose the location of an inmate's imprisonment, so long as the factors enumerated in the statute are considered." *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) (citation modified). Section 3621(b) also prevents this Court from reviewing the BOP's designation of Mr. Powell's place of imprisonment. *See* 18 U.S.C. § 3621(b). Accordingly, Mr. Powell's claim is not cognizable in habeas, and this Court lacks the authority to grant him the relief he seeks. As a result, this Court lacks jurisdiction over Mr. Powell's Petition, and dismissal is appropriate.[2]

B.   **Conditions-of-Confinement Claim**

Pursuant to the guidance of the United States Court of Appeals for the Eighth Circuit, a *pro se* habeas petitioner should be afforded the opportunity to advance a "potentially viable"

---

[2] Even if this Court had jurisdiction over Mr. Powell's Petition, he admits he has not exhausted his administrative remedies (Doc. No. 1 at 6), and the Declaration of BOP Administrative Remedy Coordinator Joshua Sutton and Administrative Remedy Generalized Retrieval (Doc. No. 7-3 at 1-4, 28-53) confirm as much. Exhaustion is a prerequisite in this instance, and it is not until after a prisoner presents his claim to the BOP, and proceeds through the entire Administrative Remedy Program properly, that he may institute a habeas action to contest an unfavorable decision. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). No exception to the exhaustion prerequisite is applicable to Mr. Powell's case.

conditions-of-confinement claim should he so choose. *Spencer*, 774 F.3d at 471. A district court may, *sua sponte*, convert a habeas petition into a *Bivens* or 42 U.S.C. § 1983 claim, but must consider the "potential detriment" to the petitioner before doing so. *Id*.

At the heart of Mr. Powell's Petition is a challenge to the place of his confinement, which liberally construed, can be understood to be a conditions-of-confinement claim. As previously discussed, prerelease custody is still a form of imprisonment. The BOP has the authority to designate a prisoner's place of imprisonment, and designation is not reviewable by any Court. *See* 18 U.S.C. § 3621(b). Additionally, the law is clear that a prisoner has no constitutional right to be placed in any particular correctional facility, even though the degree of confinement in one facility may be quite different from that in another. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano,* 427 U.S. 215, 224-25, 228 (1976). Therefore, I find no constitutional violation, and to the extent Mr. Powell challenges the conditions of his confinement, his claim does not chin the "potentially viable" bar. Furthermore, if Mr. Powell's Petition was converted to a civil complaint, he would have to pay in full the mandatory and potentially costly filing fee of $350.00 required under 28 U.S.C. § 1915(b), and his complaint would almost certainly be dismissed after the screening process pursuant to 28 U.S.C. § 1915A. Accordingly, Mr. Powell should not be afforded the opportunity to convert his Petition into a civil complaint, and his Petition should be dismissed.

### III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Powell's § 2241 Petition (Doc. No. 1) be DISMISSED without prejudice for lack of jurisdiction and this case be closed.

2.  Mr. Powell's § 2241 Petition (Doc. No. 1) be DISMISSED and this Court not afford him the opportunity to convert his Petition into a civil complaint raising a conditions-of-confinement claim.

Dated this 15th day of July 2025.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE